UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS VASQUEZ,

           Petitioner,

vs.                                     Case No.   2:13-cv-436-FtM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

**<u>ORDER OF DISMISSAL</u>**

This matter comes before the Court upon review of the file. Petitioner Jesus Vasquez, proceeding *pro se*, initiated this action by filing a "Petition for Writ of Habeas Corpus Mixed Petition" (Doc. #1, Petition) on June 10, 2013. Upon review, the Court determines that the Petition is filed to 28 U.S.C. § 2241.[1]

---

[1] Petitioner states that he files the instant Petition pursuant to "28 U.S.C. § 2241, § 2244(d)(1)(C), § 2255(e), and Fed. R. Civ. P. 60(b)." Petition at 1. The Court notes that Petitioner has already filed two previous collateral attacks pursuant to § 2255. See Case Nos. 2:09-cv-673-FtM-29SPC; 2:12-cv-309-FtM-29SPC. "Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Petitioner has neither sought leave to file a third successive § 2255 petition, nor is he within the applicable one-year statute of limitations period considering his federal conviction and sentence were entered on April 24, 2009. See Case No. 2:08-cr-34-FtM-29SPC.

                                                              (continued...)

Petitioner did not file a motion for leave to proceed in forma pauperis, or file the requisite $5.00 filing fee. See docket. Upon review, the Court sua sponte dismisses this action.

A petition filed pursuant to § 2241 must be filed in the judicial district where the petitioner is incarcerated. See Westine v. Scott, 356 F. App'x 254, 255 (11th Cir. 2009)(unpublished)(citing Rumsfled v. Padilla, 542 U.S. 426, 447 (2004); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991)). Petitioner initiated this action while incarcerated at Fort Dix Federal Correctional Institution located in Fort Dix, New Jersey. Fort Dix Federal Correctional Institution is not located within this Court's judicial district. Consequently, this Court does not have jurisdiction to review the Petition. Westine, 356 F. App'x at 255 (affirming district court dismissal for lack of jurisdiction when petitioner filed a section 2241 petition in a judicial district where he was not incarcerated). Petitioner

---

[1](...continued)
It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241 pursuant to the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); see also Petition at 8 (acknowledging Petitioner must prove that 2255 was an inadequate or ineffective means to attack his detention).
    To the extent Petitioner states he seeks relief "under Fed. R. Civ. P. 60(b)," see Petition at 1, presumably from the Court's October 19, 2012 Order denying his § 2255 Petition in case number 2:09-cv-673-29SPC, the Petition otherwise makes no reference to Rule 60(b). Accordingly, the Court will not address the instant Petition as a Rule 60(b) motion.

should file his § 2241 in the appropriate district court where he is incarcerated, if he wishes to pursue his claims.[2]

Additionally, Local Rule 1.03(e)(M.D. Fla. 2009) requires that the Clerk accept for filing all prisoner cases filed with or without the filing fee or application for leave to proceed in forma pauperis. However, a prisoner case will be subject to dismissal sua sponte, if the filing fee is not paid or the application is not filed within thirty days of commencement of the action. More than thirty days have passed since Petitioner commenced this action and he has neither moved to proceed as a pauper, or paid the requisite $5.00 filing fee. See docket. Accordingly, this action is also subject to dismissal pursuant to Local Rule 1.03(e).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 2241 Petition (Doc. #1) is **DISMISSED**, without prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of November, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]Additionally, the Court notes that Petitioner has failed to keep the Court apprised of his mailing address. See doc. entry dated July 1, 2013, mail returned as undeliverable. Thus, the action is also subject to dismissal for Petitioner's failure to apprise the Court of his current mailing address.

SA: alj
Copies: All Parties of Record

-4-